Bertram Harnett, J.
There is a distinction between the duty of a parent to supervise her child so as to keep him from hurting himself, and, the duty to restrain her child from hurting other people.
Plaintiff Glenn Stasky was injured in an accident with defendant Aldo Bernardon. Both were 14 years old, and both were riding motorcycles at the time of the accident.
Glenn and his father sued Aldo for negligently driving his motorcycle and sued Aide’s parents as owners of the bike and for buying Aldo the bike and permitting him to use it as he did.
The defendants, in turn, impleaded Glenn’s mother, Gay Stasky, for not supervising Glenn. They claimed that by permitting Glenn to ride his bike, she contributed to the accident and must share responsibility for his injuries. Specifically, they charged her with permitting Glenn to drive his motorcycle while he lacked the experience and ability to do so, and with failing to teach Glenn how to drive it.
Mrs. Stasky moved for summary judgment to dismiss the third-party complaint against her. Mr. Justice Oppido of this court granted her motion on September 12, 1974 holding, "under the circumstances of this case there is no tort liability *1069 on the part of a parent for negligent failure to properly supervise an unemancipated child.”
Failing to implead Mrs. Stasky successfully, Aldo’s parents now seek to strike from the Staskys’ complaint their second and third causes of action which charge Aldo’s parents with negligence in buying the motorcycle for their son, in not supervising him, and in improperly permitting him to drive his bike. Essentially, they say, if Glenn’s mother was excused from impleader for her alleged failure to supervise her child, why should they not be excused for their alleged failure to supervise their child Aldo? The answer lies in the difference between a parent’s duty to her child and her duty to third parties.
The Court of Appeals looked at a parent’s duty to her child in Holodook v Spencer (36 NY2d 35). It considered the problems in two contexts: (1) a child hurts himself because he is unsupervised and sues his parent; (2) an unsupervised child is injured by a stranger who then impleads the child’s parent for contribution. The court found in the first instance that a child has no cause of action against his own parents for negligent supervision. Moreover, because the contribution theory rests on the assumption that the parent breached a duty to the child by not supervising, and because there is, in fact, no such duty, parents cannot be impleaded in actions by their child simply for failing to supervise.
But, where a third party claims injury, the rule is different. The Court of Appeals notes: "Failure to supervise may entail legal consequence [to the parent] where injury to a third party results”. (Holodook, supra, p 45.) A parent may be liable to a stranger for negligently giving her child "an instrument which * * * is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others”. (Steinberg v Cauchois, 249 App Div 518, 519.) The difference is in the fact that the parent’s claimed misconduct hurts a third person, not her own child. Different questions of legal and social policy apply.
Here, we have a high speed motorcycle. In the hands of a 14-year-old boy, this could create an unreasonable risk to others. And, the plaintiffs are entitled to their opportunity to establish on trial that Aldo’s parents were negligent in enabling their son’s offensive use. Their negligence, if proven, will not be in breaching any duty claimed owed to Aldo himself, but one owed to Glenn, the stranger Aldo presumably injured.
*1070 Accordingly, the motion to strike the second and third causes of action against Filomena Bernardon and Francis Fajella will be denied.